UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS STEFAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WACHOVIA, WORLD SAVINGS, and DOES 1-50,<br><br>　　　　Defendants. | Case No: C 09-2252 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Docket 7, 9 |

　　　　Plaintiff Thomas Stefan ("Plaintiff") brings the instant action against Defendant Wachovia Mortgage, F.S.B., formerly known as World Savings Bank, F.S.B. ("Defendant"), claiming that it wrongfully foreclosed on his home in Alameda County, California.  The parties are presently before the Court on Defendant's Motion to Dismiss (Docket 7) and Motion to Strike (Docket 9) brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss and DENIES the motion to strike as moot for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.     BACKGROUND**

　　　　The pro se Complaint filed by Plaintiff in this action presents little in the way of actual factual allegations.  However, liberally construing the pleadings, it is apparent that Plaintiff is challenging Defendant's foreclosure of his property.  The Complaint alleges that on an unspecified date, Plaintiff executed a mortgage loan agreement with Defendant for a home in Alameda County, California.  Compl. ¶ 5.  At some point, Plaintiff apparently defaulted on his loan obligations, resulting in the institution of foreclosure proceedings by Defendant.  Id. ¶¶ 8, 9, 13, 21, 32, 43, 49.

On December 24, 2008, Plaintiff filed a Complaint against Defendant in Alameda County Superior Court to challenge the validity of the loan and Defendant's efforts to foreclose on the loan.  Plaintiff alleges eight causes of action styled as follows:  (1) Abuse of Process; (2) Fraud (Intentional Misrepresentation); (3) Interference with Prospective Economic Advantage; (4) Violation of Plaintiff's Fifth Amendment Constitutional Right to Due Process; (5) Negligence; (6) Embezzlement; (7) Breach of Contract[1]; and (8) Unconscionable Terms.

Defendant removed the action to federal court on May 21, 2009, on the basis of diversity jurisdiction.  28 U.S.C. § 1332.  On May 29, 2009, Defendant filed the instant Motion to Dismiss and Motion to Strike.  The thrust of the Motion to Dismiss is that Plaintiff's state law cause of action are preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, *et seq.*  The Motion to Strike purports to challenge Plaintiff's prayer for punitive damages.  Plaintiff's opposition or statement of non-opposition was due on July 14, 2009, though the Court granted Plaintiff's request for an extension of time until August 7, 2009.  Plaintiff filed two oppositions; one on July 22, 2009, and one on August 7, 2009.  However, like the original Complaint, Plaintiff's cursory oppositions lack factual allegations to support his legal conclusions and otherwise fail to respond to Defendant's arguments.

## II.  LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Though "[s]pecific facts are not necessary," the complaint must provide the opposing party of "fair notice" of what the claim is and the grounds upon which it rests.  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008).  A complaint that only raises "the mere possibility of misconduct" does not establish

---

[1] Though Plaintiff styles his seventh cause of action as one for breach of contract, he alleges only that Defendant breached its implied duty of good faith and fair dealing by attempting to "prematurely foreclose" on his property.  Compl. ¶ 49.

that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plaintiff must establish that the allegations are pushed "across the line from conceivable to plausible[.]" Id. (quoting Twombly, 550 U.S. at 557).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Similarly, pro se pleadings are to be liberally construed. Boag v. MacDougall, 454 U.S. 364, 365 (1982). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

### A. PREEMPTION UNDER HOLA

Defendant contends all of Plaintiff's state law causes of action are statutorily preempted by HOLA, which was enacted in 1933 to govern the activities of federal savings associations. See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). "HOLA created what is now the OTS [Office of Thrift Supervision] for the purpose of administering the statute, and it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." State Farm Bank v. Reardon, 539 F.3d 336, 342 (6th Cir. 2008).[2]

The OTS has authority to issue broad regulations preempting state law. Fidelity Federal Savings & Loan, Ass'n v. de la Cuesta, 458 U.S. 141, 160 (1982). In particular, 12 C.F.R. § 560.2 provides that federal law "occupies the entire field of lending regulation for federal savings associations." The effect of this express preemption clause is to virtually occupy the entire field of lending-related activities of qualifying lending associations, and to leave no room for conflicting state laws. Fidelity, 458 U.S. at 152-154; Silvas, 514 F.3d as 1007 n.3 (citing Rice v. Santa Fe Elev. Corp., 331 U.S. 218, 230 (1947)).

---

[2] Defendant is a federal savings bank that is subject to regulation by the OTS. See Def.'s Request for Jud. Notice Exs. 1-4.

To clarify the scope of HOLA's preemption, section 560.2(b) sets forth a non-exhaustive list of illustrative examples of the types of state laws that are expressly preempted, which include, *inter alia*, terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. Those relevant to Plaintiff's Complaint include:

> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.

12 C.F.R. § 560.2(b).

To determine whether a claim is preempted, "the first step will be to determine whether the type of law in question is listed in paragraph (b)." Silvas, 514 F.3d at 1005. If so, the state law is preempted. Id. Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact federal savings associations in areas listed in § 560.2(b). Id. at 1006; 12 C.F.R. § 560.2(c). Alternatively, such laws are preempted if they have more than an incidental effect on the lending operations of a federal savings association. 12 C.F.R. §§ 560.2(c). A claim or state statute may be preempted by HOLA on an "as applied" or case-specific basis. See Silva, 514 F.3d at 1006.

With the exception of Plaintiff's fourth cause of action for violation of his Fifth Amendment rights, all of Plaintiff's remaining state law claims fall within the purview of section 560.2(b), as they attack Defendant's initiation of the state foreclosure process under California Civil Code § 2924. See e.g., Compl. ¶ 8, First Cause of Action ("Defendant . . . used a legal process, foreclosure, in a wrongful manner"); id. ¶ 13, Second Cause of Action ("Defendants…prematurely forc[ed] the sale of plaintiff's property"); id. ¶ 21, Third Cause of

Action ("defendant attempted lien foreclosure without properly addressing plaintiff's valid contractual rights"); id. ¶ 39, Fifth Cause of Action ("Defendant . . . failed to refrain from foreclosure attempts"); id. ¶43, Sixth Cause of Action ("Defendant . . . wrongfully institute[ed] foreclosure proceedings"); id. ¶ 49, Seventh Cause of Action ("defendant… attempted to prematurely foreclose").  In addition, Plaintiff's Eighth Cause of Action alleges that the terms in the loan agreement are unconscionable.  Id. ¶ 52.

The relief Plaintiff seeks under state tort and contract laws are of general applicability and do not explicitly regulate lending activities.  To the extent that these state laws are applicable to the foreclosure process or the loan agreement itself, they are expressly preempted by section 560.2(b). Specifically, Plaintiff's claims of misconduct surrounding the foreclosure proceedings clearly fall under the preemption provisions for "processing, origination, sale or purchase of … mortgages" and "disclosure," while his claim that the loan agreement terms were unconscionable falls under the "terms of credit" preemption.  E.g., Biggins v. Wells Fargo & Co., ---F.R.D.---, 2009 WL 2246199 *14 (N.D. Cal. 2009) ("Although Plaintiffs' first, second, third, seventh and eighth claims for relief are premised upon state laws of general applicability; 'that is [they do] not purport to directly regulate the conduct of mortgage lenders,' those claims still 'may be preempted by HOLA if, "as applied," [they are] a type of state law that falls within § 560.2.'") (White, J.); Spears v. Washington Mut., Inc., 2009 WL 2761331 (N.D. Cal., Aug. 30, 2009) (allegation in breach of contract claim accusing lender of failing to obtain proper appraisal "directly relates to and affects lending" and thus was preempted by HOLA) (Whyte, J.); Ayala v. World Savings Bank, FSB, 616 F. Supp. 2d 1007, 1016-18 (C.D. Cal. 2009) (claims against mortgage lender for negligence and fraud preempted by HOLA); Wilkerson v. World Sav. and Loan Ass'n, 2009 WL 2777770 at *3 (E.D. Cal., Aug. 27, 2009) ("To the extent plaintiff alleges in his complaint that defendant was negligent in extending, setting the terms of or servicing his mortgage loan or harmed him through misrepresentations, misleading disclosures or wrongfully charging fees in connection with his loan, it appears that such state law claims are preempted by [HOLA] … and its implementing regulations…."). Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by section 560.2(b), the claims are preempted.

### B. FIFTH AMENDMENT RIGHT TO DUE PROCESS

Plaintiff's sole federal claim is contained in his fourth cause of action which alleges that Defendant violated his right to due process by foreclosing on his property. "Individuals and private entities are not normally liable for violations of most rights secured by the United States Constitution." Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1340 (9th Cir. 1997). In the context of foreclosure actions, the Ninth Circuit has held that a plaintiff cannot pursue a constitutional claim against a private lender. See Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003) (bank not liable for constitutional violation based on foreclosure action); Rank v. Nimmo, 677 F.2d 692, 702 (9th Cir. 1982) ("We thus conclude that foreclosure by a private lender of a mortgage in a federal mortgage guaranty program does not involve federal action sufficient to invoke the due process clause of the Fifth Amendment."). As such, the Court dismisses Plaintiff's fourth cause of action with prejudice.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED. In light of the Court's dismissal of the action, Defendant's Motion to Strike is DENIED as moot. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: December 7, 2009

[signature: Saundra B Armstrong]
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

THOMAS STEFAN,

       Plaintiff,

  v.

WACHOVIA WORLD SAVINGS et al,

       Defendant.
_____/

Case Number: CV09-02252 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Stefan
1528 McGee Street
Berkeley, CA 94703

Dated: December 7, 2009
                                    Richard W. Wieking, Clerk

                                            By: LISA R CLARK, Deputy Clerk